UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL STAR INDEMNITY
COMPANY, a Connecticut Corporation,

    Plaintiff,

v.                                          CASE NO.

T.D.A.H., INC., a Florida Corporation,
MARK SCHLAPKOHL, POINCIANA
MANAGEMENT, INC., a Florida Corporation,
and RONNIE RITCHKOFF,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, GENERAL STAR INDEMNITY COMPANY, by and through undersigned counsel, and hereby sues the Defendants, T.D.A.H., INC., MARK SCHLAPKOHL, POINCIANA MANAGEMENT, INC., and RONNIE RITCHKOFF, and as grounds therefore states:

### VENUE AND JURISDICTION

1.     This is an action for Declaratory Relief, pursuant Chapter 86, Florida Statutes, to determine the parties' rights and obligations pursuant and insurance policy.

2.     The alleged events which give rise to this action occurred in Broward County.

3.     Venue is proper with this Court.

## PARTIES

4. At all times material hereto, GENERAL STAR INDEMNITY COMPANY (hereinafter "GENERAL STAR") was a Connecticut Corporation authorized to do business in Florida, with its principal place of business in Stamford, Connecticut.

5. At all times material hereto, T.D.A.H. INC. (hereinafter "TDAH"), was a Florida Corporation doing business in Broward County, Florida.

6. At all times material hereto, POINCIANA MANAGEMENT, INC. (hereinafter "POINCIANA") was a Florida Corporation doing business in Broward County, Florida.

7. At all times material, upon information and belief, RONNIE RITCHKOFF (hereinafter "RITCHKOFF") was an individual residing in Broward County, Florida.

8. At all times material, upon information and belief, MARK SCHLAPKOHL (hereinafter "SCHLAPKOHL") was an individual residing in Broward County, Florida.

9. This Court has jurisdiction pursuant 28 U.S.C. §1332 as complete diversity exists and more than $75,000.00 is at issue, exclusive attorney's fees, interests and costs.

## GENERAL ALLEGATIONS

### The General Star Policy

10. GENERAL STAR issued a commercial general liability policy of insurance to TDAH, bearing Policy No. IMA578654E (hereinafter the "Policy").

11. The Policy was issued with effective dates of October 18, 2006 through October 18, 2007.

12. A complete and true copy of the policy is attached hereto as composite **Exhibit "A"**.

13. The commercial general liability coverage part of the Policy contains an "Employer's Liability Exclusion," which provides as follows:

**2. Exclusions**

**This insurance does not apply to:**

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

14. The commercial general liability coverage part of the Policy also contains a "Workers' Compensation And Similar Laws Exclusion", which provides as follows:

**2. Exclusions**

**This insurance does not apply to:**

  d. **Workers' Compensation And Similar Laws**

    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

### The Ritchkoff Action

15. On or about November 5, 2008, RITCHKOFF filed a lawsuit against Defendants TDAH and SCHLAPKOHL, in the Circuit Court of the Seventeenth Judicial Circuit, Case No. 08-54237 (13), which lawsuit was subsequently amended to also include Defendant POINCIANA. The Third Amended Complaint is the operative complaint filed by RITCHKOFF (hereinafter the "Ritchkoff Action").

16. A complete and true copy of RITCHKOFF's Third Amended Complaint is attached hereto as **Exhibit "B"**.

17. In the Ritchkoff Action, RITCHKOFF alleges that she was injured while working at TDAH on or about October 5, 2007.

18. In the Ritchkoff Action, RITCHKOFF alleges that she was an employee of TDAH and lawfully in the office at the time of the accident that allegedly gave rise to her injuries.

19. Following the filing of the Ritchkoff Action, notice was provided to and coverage was sought from GENERAL STAR by or on behalf of TDAH and SCHLAPKOHL under the Policy.

20. After receiving notice, GENERAL STAR reserved all of its rights under the Policy generally and for the specific reasons set forth in its letter dated December 17, 2008. GENERAL STAR has informed TDAH and SCHLAPKOHL of its determination that

coverage for the Ritchkoff Action is barred by the Employer' Liability Exclusion and the Workers' Compensation Exclusion, and that coverage is barred or limited under other provisions of the Policy.

## COUNT I
## DECLARATORY RELIEF REGARDING THE COMMERICAL GENERAL LIABILITY POLICY

21. GENERAL STAR re-alleges all previous paragraphs as though fully set forth herein.

22. This is an action for Declaratory Relief, pursuant to Chapter 86, Florida Statutes, seeking a declaration that the "Employers' Liability Exclusion" and the "Workers' Compensation And Other Laws Exclusion" in the Policy operate to exclude coverage for the claims asserted in the Ritchkoff Action and that GENERAL STAR has no duty to defend or indemnify any insured for allegations arising from RITCHKOFF's alleged injuries.

23. The parties are in doubt as to their rights under the Policy.

24. The parties are in need of immediate judicial determination, and this action does not constitute mere legal advice.

25. All conditions precedent are satisfied or are otherwise waived.

26. By reason of the foregoing, GENERAL STAR is entitled to a judgment declaring that the commercial general liability coverage part of the Policy provides no coverage for TDAH and SCHLAPKOHL for the claims asserted in the Ritchkoff Action and that GEENRAL STAR has no duty to defend or indemnify any insured with regard to the Ritchkoff Action.

## COUNT II

## RESTITUTION OR REIMBURSEMENT OF DEFENSE

## COSTS PAID BY GENERAL STAR

27. GENERAL STAR re-alleges all previous paragraphs as though fully set forth herein.

28. TDAH and SCHLAPKOHL have demanded that GENERAL STAR provide them with a defense of the Ritchkoff Action.

29. Because TDAH and SCHLAPKOHL have demanded so, GENERAL STAR has or will in the future confer benefits beyond GENERAL STAR's contractual obligations under the Policy.

30. GENERAL STAR has provided and continues to provide a defense to TDAH and SCHLAPKOHL in the Ritchkoff Action pursuant to a full reservation of rights.

31. TDAH and SCHLAPKOHL have demanded and accepted and will continue to demand and accept expense payments under the Policy, even though they have no contractual right to such defense expense payments.

32. TDAH and SCHLAPKOHL have been and will be unjustly enriched by GENERAL STAR's payment of the defense expenses incurred in the Ritchkoff Action because they are not entitled to such defense expense payments given the lack of coverage for the claims in the Ritchkoff Action.

33. GENERAL STAR is entitled to restitution and reimbursement of all defense expenses and any other sums incurred by it in connection with the defense, in an amount according to proof.

34. By reason of the foregoing, GENERAL STAR is entitled to reimbursement from TDAH and SCHLAPKOHL for all expenses paid on their behalf by GENERAL STAR in the defense of the Ritchkoff Action.

WHEREFORE, GENERAL STAR prays this Court enter Judgment in its favor, declaring that there is no coverage for the alleged injuries under the Commercial General Liability Coverage Part of the Policy, requiring TDAH and SCHLAPKOHL, jointly and severally, to reimburse GENERAL STAR for all defense expenses paid on their behalf in the Ritchkoff Action, and awarding GENERAL STAR such other and further relief allowed under Florida law.

## DEMAND FOR JURY TRIAL

GENERAL STAR demands trial by jury on all issues so triable.

Dated:   April 6, 2010

Respectfully Submitted,

By: _____
Bruce A. Aebel
Florida Bar No: 0066435
Email: baebel@bankerlopez.com
Christopher W. Hollman
Florida Bar No: 0037074
Email: chollman@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL 33602
(813) 221-1500
Fax No: (813) 222-3066
Attorneys for General Star Indemnity Company